IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**CHARLES E. KELTON, III**             **PLAINTIFF**

**VERSUS**             **CIVIL ACTION NO:** 1:20cv213-NBB-RP

**PRENTISS COUNTY, MISSISSIPPI,**             **DEFENDANT**

**JURY TRIAL DEMANDED**

___

**COMPLAINT**
___

This is an action to recover actual and compensatory damages for violation of rights secured by the United States Constitution. The following facts support the action:

1.

Plaintiff CHARLES E. KELTON, III is an adult resident citizen of 210 County Road 75, Dennis, Mississippi 38838.

2.

Defendant PRENTISS COUNTY, MISSISSIPPI is a political subdivision of the State of Mississippi. Defendant is sued for damages for the official policy acts of its Board of Supervisors, Sheriff, and Justice Court Judges. Defendant may be served with process upon its Chancery Clerk, Bubba Pounds, 100 North Main Street, Booneville, Mississippi 38829.

3.

The Court has federal question jurisdiction under 28 U.S.C. § 1331 and civil rights jurisdiction under 28 U.S.C. § 1343, for a cause of action authorized by 42 U.S.C. § 1983. This case

is based on actions taken in violation of the Fourth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

4.

Plaintiff Charles E. Kelton, III is a life-long indigent resident of Booneville, Mississippi. Plaintiff's only criminal record consists of a misdemeanor DUI conviction.

5.

The injuries caused in this case were official policy decisions of the Justice Court Judges of Prentiss County, Mississippi, the Sheriff of Prentiss County, Mississippi, and the Board of Supervisors of Prentiss County, Mississippi. The Sheriff, Board of Supervisors, and Justice Court Judges acted because of their official policies, and their official policies resulted in violation of Plaintiff's constitutional rights.

6.

On or about November 9, 2017, a deputy sheriff of Prentiss County, Mississippi arrested Plaintiff at his mother's residence in Prentiss County, Mississippi. The arrest was based upon affidavits apparently executed by Plaintiff's ex-wife, Brooke Shelton, or her husband.

7.

By virtue of the arrest of Plaintiff, the Sheriff was required to see to that Plaintiff be immediately taken before a judge for the purpose of assuring bail be set. The Sheriff had not trained his deputies to take arrestees before the judge immediately, and this failure to train resulted in Plaintiff's not being taken immediately before a judge. Both the United States Constitution and Mississippi law required that Plaintiff be immediately taken before a judge. Based either on the Sheriff's policy, lack of a policy, or grossly negligent failure to train, the arresting officers did not

more than inform Plaintiff that his bail would be $100,000.00. Bail was set without consideration of factors relevant to the setting of bail. The United States Constitution required factors relevant to bail, such as the likelihood of flight and danger to the community be considered on the issue of bail. The Sheriff of Prentiss County, Mississippi failed in his duties to assure that the relevant factors were considered. The Justice Court Judge failed in his general administrative duties to see that prisoners were properly brought before him so that relevant bail factors could be considered. Failure to consider factors relevant to the setting of proper bail was a custom and policy of Defendant.

8.

The Board of Supervisors of Prentiss County, Mississippi was under a duty, under the United States Constitution, to assure that indigent defendants be appointed counsel before being jailed. Because of the policy of the Board of Supervisors of not assuring that persons who were being jailed were afforded counsel, Plaintiff was not afforded counsel following his arrest, and was jailed under an excessive bail without being appointed counsel.

9.

Either the Justice Court Judge, the arresting officer, or the Sheriff arbitrarily determined that bail would be $100,000.00. It may be that this bail amount was obtained from a Justice Court Judge. If so, due to County policy and custom, the relevant factors of danger to the community, likelihood of flight, and other relevant factors were not considered.

10.

Because Plaintiff could not make the $100,000.00 bail, and because he had no counsel to argue that the bail was excessive, Plaintiff was committed to the County jail. While in jail, on January 23, 2018, Plaintiff was severely beaten by a dangerous inmate, who had already been

convicted, and was in jail awaiting transportation to the Mississippi Department of Corrections. The inmate who beat Plaintiff, whose name is believed to be Mark Huggins, was known to the Sheriff, the jail administrator, and other employees of the jail to be a dangerous person. The jail administrator, Dwayne Mink, told Plaintiff that Huggins was in the same zone as Plaintiff because he had been placed in every other zone, where he had always fought other inmates. The convicted felon approached Plaintiff from behind, and struck Plaintiff violently in the face, resulting in permanent scarring, a crushed eye socket, damaged to Plaintiff's nasal passages, damage to Plaintiff's eye, and other facial injuries.

11.

The injuries caused Plaintiff excruciating pain. Plaintiff requested to be taken to the hospital. In deliberate indifference to Plaintiff's rights, no ambulance was called; instead, jail personnel called the Sheriff, who gave permission for Plaintiff to be taken to the hospital by a deputy.

12.

Plaintiff was finally taken to the hospital for one day, but the emergency room physician realized that further follow-up treatment was needed. The physician came to the jail the next day, asking to see Plaintiff, but the Sheriff of Prentiss County refused to allow the physician to see Plaintiff. This represented a willful indifference to Plaintiff's Fourteenth Amendment Rights, and further willful indifference to Plaintiff's serious medical needs.

13.

Plaintiff's mother sought to obtain legal assistance for Plaintiff, but was unable to do so because of Plaintiff's being indigent. Plaintiff finally obtained a *pro bono* attorney, who informed Plaintiff that he was entitled to a preliminary hearing within fourteen (14) days, and that he should

make a written demand for such. Consistent with this attorney's advice, on February 6, 2018, Plaintiff requested a preliminary hearing within fourteen (14) days according to the terms of the Mississippi Rules for Criminal Procedure. Plaintiff was then given a preliminary hearing on February 19, 2018, which was the first time Plaintiff had seen a judge, after approximately three (3) months in jail. The Sheriff was required by the United States Constitution to have promptly carried Plaintiff before a judge, and the delay of three (3) months is not the prompt judicial hearing required by United States Constitution Amendments Four, Six, Eight, and Fourteen. Further, there was willful indifference to Plaintiff's rights as shown by the fact that the Sheriff's inactions were in violation of the Mississippi Rules for Criminal Procedure and Mississippi statute.

14.

Had the factors relevant to setting a proper bail been considered and had Plaintiff been afforded counsel, Plaintiff would not have been confined to jail and his beating could have been avoided.

15.

At the preliminary hearing, there were still no inquiries made about the appropriate bail.

16.

As a foreseeable result of the unconstitutional denial of pretrial release, Plaintiff was beaten by a convicted felon being held at the jail. The beating was also a result of the Defendants' intentional and deliberate indifference to Plaintiff's rights by failing to see that counsel is appointed for indigent defendants within a meaningful time, and is a foreseeable result of the Sheriff's deliberate indifference to the safety of inmates, by failing to protect them from one who poses a known danger. The Sheriff's Department had no means of viewing the inmates, and had actual

subjective knowledge of the danger that the felon present to Plaintiff.

17.

Because of official policy decision of the Sheriff, Board of Supervisors, and administrative procedures of the Justice Court Judges, Plaintiff's constitutional rights were violated by official policy decisions or customs of Defendant, under which:

    A.    Defendant violated Plaintiff's Sixth and Fourteenth Amendment right to counsel;

    B.    Defendant violated Plaintiff's Fourteenth Amendment rights by confining Plaintiff in jail, when a non-indigent defendant would have not been confined;

    C.    Defendant violated Plaintiff's Eighth and Fourteenth Amendment rights by setting an excessive bail for Plaintiff;

    D.    Defendant violated Plaintiff's Eighth and Fourteenth Amendment rights by intentionally confining him with a convicted felon known to be dangerous;

    E.    Defendant violated Plaintiff's Eighth and Fourteenth Amendment rights to treatment for his serious medical condition;

    F.    Defendant violated Plaintiff's Fourteenth Amendment right by failing to consider any of the relevant factors for determining whether a defendant should be granted pretrial release, and for the determination of bail; and

    G.    Defendant violated Plaintiff's Fourteenth Amendment rights by confining him with a person whom it knew posed a danger to him.

18.

The fact that the Sheriff and Justice Court Judge were willfully indifferent to Plaintiff's rights is demonstrated by their failure to follow the conditions for pretrial release set in Mississippi Rule for Criminal Procedure 8.2(a), by their failing to appoint Plaintiff counsel without necessary delay as required by Mississippi Rule of Criminal Procedure 7.1(a), by their failing to appoint counsel as required by Mississippi Rule of Criminal Procedure 7.2(b), by their failing to apply the procedures

for appointment of counsel as required by Mississippi Rule of Criminal Procedure 7.2(a), by their failing to follow the procedures required for determination of indigence set forth in Mississippi Rules of Criminal Procedure 7.3, and for their failing to bring Plaintiff before a judge for determination of pretrial release as required by Mississippi Rule of Criminal Procedure 5.1. While violations of state law are not necessarily a federal violation, the violations of state law indicate willful indifference to Plaintiff's constitutional rights. All the Mississippi Rules of Criminal Procedure cited herein also carry out rights, guaranteed by the United States Constitution. To arbitrarily fail to follow those procedures violates substantive due process.

19.

Plaintiff suffered both physical pain and suffering and mental anxiety because of Defendant's unconstitutional actions.

**REQUEST FOR RELIEF**

Plaintiff requests actual damages for violation of constitutional rights and reasonable attorneys' fees and costs.

RESPECTFULLY SUBMITTED, this the 21st day of October, 2020.

CHARLES E. KELTON, III, Plaintiff

By: */s/ Jim Waide*
Jim Waide, MS Bar No. 6857
waide@waidelaw.com
WAIDE & ASSOCIATES, P.A.
332 North Spring Street
Tupelo, MS 38804-3955
Post Office Box 1357
Tupelo, MS 38802-1357
(662) 842-7324 / Telephone
(662) 842-8056 / Facsimile

ATTORNEY FOR PLAINTIFF