IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

CHARLES KELTON, III                                                                      PLAINTIFF

V.                                                               CIVIL ACTION NO. 1:20-cv-213-NBB-RP

PRENTISS COUNTY, MISSISSIPPI                                                          DEFENDANT

### ORDER STAYING CASE

This matter is before the court on the defendant's Motion to Stay or Abstain seeking a stay or, alternatively, a dismissal of this case due to the plaintiff's pending criminal charges that are related to his claims in this action. Docket 11. The plaintiff opposes the motion. The court finds the motion is well taken and should be granted.

The plaintiff brought this action seeking damages as a result of the defendant county's alleged violations of his constitutional rights following his arrest on certain criminal charges that remain pending. The plaintiff claims that for a period of time following his arrest, the defendant illegally held him in custody on an excessive bond in violation of his due process rights and other constitutional rights. In the present motion, the defendant argues the court should abstain from adjudicating this case pending resolution of the criminal charges under *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.483 (1976). The court agrees.

Under the *Colorado River* abstention doctrine, a federal court may decline to adjudicate a controversy for reasons of wise judicial administration when there is a state court proceeding with concurrent jurisdiction. 424 U.S. at 817-18. Citing this doctrine, the Supreme Court in

1

*Heck v. Humphreys* stated, "For example, if a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the parallel state court proceedings." 512 U.S. 477, 487 n.8, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). The Fifth Circuit has instructed that following *Heck*, "district courts should stay § 1983 cases that may implicate the validity of pending criminal proceedings until those underlying proceedings have run their course." *Gates v. Strain,* 885 F.3d 874, 883 (5th Cir. 2018).

In *Mackey v. Dickson,* the plaintiff brought a § 1983 claim against several police officers and a prosecutor for unreasonable search and seizure based on two arrests. 47 F.3d 744, 745 (5th Cir. 1995). Construing the plaintiff's complaint as an attack on the constitutionality of his arrests, the district court held the claim was not actionable unless and until the validity of his conviction was called into question and therefore dismissed the complaint. *Mackey,* 47 F.3d at 745-46. Noting on appeal that the record was unclear whether the plaintiff had been tried or convicted, the Fifth Circuit determined it was premature to determine whether the plaintiff's claims were barred under *Heck*. *Id.* at 746. The court explained:

> If [the plaintiff] is tried and convicted and in his contested criminal case no evidence is presented resulting directly or indirectly from any of his arrests, it is difficult to see how any illegality in any of his arrests could be inconsistent with his conviction. On the other hand, if he is convicted and evidence is presented by the prosecution at his criminal trial which is a direct or indirect product of one or more of his arrests, then his section 1983 damage claims challenging the validity of his arrests would appear to undermine the validity of his conviction and hence be barred by *Heck*.

*Id.* The court vacated the district court's judgment of dismissal and remanded the case, concluding, "The court may – indeed should – stay proceedings in the section 1983 case until the pending criminal case has run its course, as until that time it may be difficult to determine the relation, if any, between the two." *Id.*

Likewise, in the present case, it is premature to determine whether the plaintiff's § 1983 claims challenging the constitutionality of his time in custody following his arrest would undermine the validity of a conviction on the pending charges. This could be the case if he is convicted and evidence is presented by the prosecution at his criminal trial that is a direct or indirect product of his time in custody. As such, this action should be stayed until the pending criminal proceedings have run their course.

Therefore, the defendant's Motion to Stay or Abstain is GRANTED. This case is STAYED pending resolution of the plaintiff's related criminal charges. The parties are instructed to file quarterly reports of the status of the criminal charges beginning April 1, 2021.

**SO ORDERED,** this the 12th day of January, 2021.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE